UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEDRA DE LA ROSA,

                        Plaintiff,

     -against-

BTM DEVELOPMENT PARTNERS, LLC AND
RELATED MANAGEMENT COMPANY, L.P.,

                      Defendant.

Civil Action No.
14-cv-2444 (SHS)(RLE)

**DEFENDANTS' ANSWER OF
PLAINTIFF'S AMENDED
COMPLAINT**

Defendants BTM DEVELOPMENT PARTNERS, LLC ("BTM") and RELATED

MANAGEMENT COMPANY, L.P. ("RMC") (collectively "Defendants") by and through their

counsel, answer the Amended Complaint ("Amended Complaint") filed on January 13, 2015 as

follows:

## NATURE OF THE CLAIMS

1.     Defendants admit that Plaintiff purports to bring several causes of action

identified in Paragraph 1 of the Amended Complaint, but deny that any of the purported causes

of action have merit, and deny all remaining allegations in Paragraph 1 of the Amended

Complaint.

2.     Defendants deny all allegations in Paragraph 2 of the Amended

Complaint.

## JURISDICTION AND VENUE

3.     The allegations contained in Paragraph 3 of the Amended Complaint

constitute legal conclusions to which no response is required.  To the extent a response is

required, Defendants deny the allegations and respectfully refer all questions of law to the Court for its consideration.

4.      The allegations contained in Paragraph 4 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the property referred to in the Amended Complaint as "Bronx Terminal Market" is located in this district, but deny all remaining allegations and respectfully refer all questions of law to the Court for its consideration.

## PARTIES

5.      Defendants deny the allegations in Paragraph 5 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

6.      Defendants deny the allegations in Paragraph 6 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7.      Upon information and belief, BTM admits that, pursuant to one or more ground leases, it owns the property referred to in the Complaint as "Bronx Terminal Market" located in Bronx County, New York, but denies all remaining allegations contained in Paragraph 7 of the Amended Complaint.

8.      In response to Paragraph 8 of the Amended Complaint, Defendants admit that they are each licensed to do and do business in New York State.

9.      Defendants deny the allegations in Paragraph 9 of the Amended Complaint and respectfully refer all questions of law to the Court for its consideration.

DM2\5386383.1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.    The allegations contained in Paragraph 10 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants acknowledge 42 U.S.C. § 12181, 28 C.F.R. § 36.104, the Executive Law § 292(9), and the Administrative Code § 8-102(9), but deny the allegations in the form alleged, and respectfully refer all questions of law to the Court for its consideration.

11.    The allegations contained in Paragraph 11 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants acknowledge 42 U.S.C. § 12181, 28 C.F.R. § 36.104, the Executive Law § 292(9), and the Administrative Code § 8-102(9), and respectfully refer all questions of law to the Court for its consideration.

12.    Defendants deny all allegations in Paragraph 12 of the Amended Complaint.

13.    Upon information and belief, Defendants admit the allegations contained in Paragraph 13 of the Amended Complaint in so far as the Bronx Terminal Market was designed and constructed after January 26, 1993.

14.    Upon information and belief, Defendants admit the allegations contained in Paragraph 14 of the Amended Complaint in so far as Bronx Terminal Market was constructed after January 1, 1988.

15.    Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16.    Defendants deny all allegations in Paragraph 16 of the Amended Complaint.

DM2\5386383.1

17.     Defendants deny all allegations in Paragraph 17 of the Amended Complaint.

18.     Defendants deny all allegations in Paragraph 18 of the Amended Complaint.

19.     Defendants deny all allegations in Paragraph 19 of the Amended Complaint.

20.     Defendants deny all allegations in Paragraph 20 of the Amended Complaint.

21.     Defendants deny all allegations in Paragraph 21 of the Amended Complaint.

I.      Defendants deny all allegations in Paragraph 21(I) of the Amended Complaint.

II.     Defendants deny all allegations in Paragraph 21(II) of the Amended Complaint.

III.    Defendants deny all allegations in Paragraph 21(III) of the Amended Complaint.

IV.     Defendants deny all allegations in Paragraph 21(IV) of the Amended Complaint.

V.      Defendants deny all allegations in Paragraph 21(V) of the Amended Complaint.

VI.     Defendants deny all allegations in Paragraph 21(VI) of the Amended Complaint.

VII.    Defendants deny all allegations in Paragraph 21(VII) of the Amended Complaint.

VIII.   Defendants deny all allegations in Paragraph 21(VIII) of the Amended Complaint.

IX.     Defendants deny all allegations in Paragraph 21(IX) of the Amended Complaint.

X.      Defendants deny all allegations in Paragraph 21(X) of the Amended Complaint.

XI.     Defendants deny all allegations in Paragraph 21(XI) of the Amended Complaint.

XII.    Defendants deny all allegations in Paragraph 21(XII) of the Amended Complaint.

XIII.   Defendants deny all allegations in Paragraph 21(XIII) of the Amended Complaint.

XIV.    Defendants deny all allegations in Paragraph 21(XIV) of the Amended Complaint.

XV.     Defendants deny all allegations in Paragraph 21(XV) of the Amended Complaint.

XVI.    Defendants deny all allegations in Paragraph 21(XVI) of the Amended Complaint.

XVII.   Defendants deny all allegations in Paragraph 21(XVII) of the Amended Complaint.

XVIII.  Defendants deny all allegations in Paragraph 21(XVIII) of the Amended Complaint.

XIX.    Defendants deny all allegations in Paragraph 21(XIX) of the Amended Complaint.

XX.     Defendants deny all allegations in Paragraph 21(XX) of the Amended Complaint.

XXI.    Defendants deny all allegations in Paragraph 21(XXI) of the Amended Complaint.

XXII.   Defendants deny all allegations in Paragraph 21(XXII) of the Amended Complaint.

XXIII.  Defendants deny all allegations in Paragraph 21(XXIII) of the Amended Complaint.

XXIV.   Defendants deny all allegations in Paragraph 21(XXIV) of the Amended Complaint.

XXV.    Defendants deny all allegations in Paragraph 21(XXV) of the Amended Complaint.

DM2\5386383.1

XXVI.     Defendants deny all allegations in Paragraph 21(XXVI) of the Amended Complaint.

XXVII.    Defendants deny all allegations in Paragraph 21(XXVII) of the Amended Complaint.

XXVIII.   Defendants deny all allegations in Paragraph 21(XXVIII) of the Amended Complaint.

XXIX.     Defendants deny all allegations in Paragraph 21(XXIX) of the Amended Complaint.

XXX.      Defendants deny all allegations in Paragraph 21(XXX) of the Amended Complaint.

XXXI.     Defendants deny all allegations in Paragraph 21(XXXI) of the Amended Complaint.

XXXII.    Defendants deny all allegations in Paragraph 21(XXXII) of the Amended Complaint.

XXXIII.   Defendants deny all allegations in Paragraph 21(XXXIII) of the Amended Complaint.

XXXIV.    Defendants deny all allegations in Paragraph 21(XXXIV) of the Amended Complaint.

XXXV.     Defendants deny all allegations in Paragraph 21(XXXV) of the Amended Complaint.

XXXVI.    Defendants deny all allegations in Paragraph 21(XXXVI) of the Amended Complaint.

XXXVII.   Defendants deny all allegations in Paragraph 21(XXXVII) of the Amended Complaint.

XXXVIII.  Defendants deny all allegations in Paragraph 21(XXXVIII) of the Amended Complaint.

XXXIX.    Defendants deny all allegations in Paragraph 21(XXXIX) of the Amended Complaint.

22.    Defendants deny all allegations in Paragraph 22 of the Amended Complaint.

DM2\5386383.1

23.     Defendants deny all allegations in Paragraph 23 of the Amended Complaint.

24.     Defendants deny all allegations in Paragraph 24 of the Amended Complaint.

25.     Defendants deny all allegations in Paragraph 25 of the Amended Complaint.

26.     Defendants deny all allegations in Paragraph 26 of the Amended Complaint in the form alleged and respectfully refer all questions of law to the Court for its consideration.

27.     Defendants deny all allegations in Paragraph 27 of the Amended Complaint in the form alleged.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Conspiracy to Deprive Plaintiff of Civil Rights in Violation of 42 U.S.C. § 1985)

30.     In response to Paragraph 30 of the Amended Complaint, Defendants restate its/their response(s) to Paragraphs 1-29 of the Amended Complaint as if fully rewritten herein.

DM2\5386383.1

31.     Defendants admit the allegations contained in Paragraph 31 of the Amended Complaint insofar as they set forth language quoted from the legislative history of the ADA, but deny that any of the quoted language gives rise to a cause of action against Defendants, and deny all remaining allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants deny all allegations in Paragraph 32 of the Amended Complaint.

33.     Defendants deny all allegations in Paragraph 33 of the Amended Complaint.

34.     In response to Paragraph 34 of the Amended Complaint, Defendants admit awareness of all legal requirements of the ADA, Executive Law and Administrative Code relating to accessibility for wheelchair users, but object to the characterization of "conspirators" and deny all remaining allegations in Paragraph 34 of the Amended Complaint.

35.     In response to Paragraph 35 of the Amended Complaint, Defendants admit receipt of certain documents and/or information regarding accessibility, but object to the characterization of "conspirators" and deny all remaining allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants deny all allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants deny all allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants deny all allegations in Paragraph 38 of the Amended Complaint.

DM2\5386383.1

39.     Any Paragraph numbered "39" is omitted from the Amended Complaint and therefore no response can be provided.

40.     Any Paragraph numbered "40" is omitted from the Amended Complaint and therefore no response can be provided.

41.     Defendants deny all allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants deny all allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants deny all allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants deny all allegations in Paragraph 44 of the Amended Complaint.

45.     Defendants deny all allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, Defendants admit that the subject property lacks any condition posing a "barrier" to accessibility, but object to the characterization of "conspirators" and deny all remaining allegations in Paragraph 46 of the Amended Complaint in the form alleged and otherwise.

47.     Defendants deny all allegations in Paragraph 47 of the Amended Complaint.

48.     Defendants deny all allegations in Paragraph 48 of the Amended Complaint.

DM2\5386383.1

49.     Defendants deny all allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny all allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants deny all allegations in Paragraph 51 of the Amended Complaint.

52.     Defendants deny all allegations in Paragraph 52 of the Amended Complaint.

53.     Defendants deny all allegations in Paragraph 53 of the Amended Complaint.

54.     Defendants deny all allegations in Paragraph 54 of the Amended Complaint.

55.     Defendants deny all allegations in Paragraph 55 of the Amended Complaint.

56.     Defendants deny all allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny all allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants admit that Plaintiff purports to seek punitive damages in an amount no less than $100,000, but deny that Plaintiff is entitled to any such damages, and deny all remaining allegations in Paragraph 58 of the Amended Complaint.

DM2\5386383.1

**SECOND CAUSE OF ACTION**

**(Violations of the Americans with Disabilities Act)**

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

60.     The allegations in Paragraph 60 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants acknowledge 28 C.F.R. 36.201(b) and respectfully refer all questions of law to the Court for its consideration.

61.     The allegations in Paragraph 61 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants acknowledge 28 C.F.R. 36.201(b) and respectfully refer all questions of law to the Court for its consideration.

62.     Defendants deny all allegations in Paragraph 62 of the Amended Complaint.

63.     Defendants deny all allegations in Paragraph 63 of the Amended Complaint.

64.     Defendants deny all allegations in Paragraph 64 of the Amended Complaint.

65.     Defendants deny all allegations in Paragraph 65 of the Amended Complaint.

66.     Defendants deny all allegations in Paragraph 66 of the Amended Complaint.

DM2\5386383.1

67.     Defendants deny all allegations in Paragraph 67 of the Amended Complaint.

68.     Defendants deny all allegations in Paragraph 68 of the Amended Complaint.

69.     Defendants deny all allegations in Paragraph 69 of the Amended Complaint.

70.     Defendants deny all allegations in Paragraph 70 of the Amended Complaint.

71.     Defendants deny all allegations in Paragraph 71 of the Amended Complaint.

72.     The first allegation in Paragraph 72 of the Amended Complaint, regarding Administrative Code §§ 19-152 and 7-210, constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants acknowledge Administrative Code §§ 19-152 and 7-210, but deny all allegations in Paragraph 72 of the Amended Complaint in the form alleged and respectfully refer all questions of law to the Court for its consideration.

73.     Defendants deny all allegations in Paragraph 73 of the Amended Complaint.

74.     Defendants deny all allegations in Paragraph 74 of the Amended Complaint.

DM2\5386383.1

## THIRD CAUSE OF ACTION

## (Violations of the New York State Executive Law)

75.     In response to Paragraph 75 of the Amended Complaint, Defendants restate its/their response(s) to Paragraphs 1-74 of the Amended Complaint as if fully rewritten herein.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

77.     Defendants deny all allegations in Paragraph 77 of the Amended Complaint.

78.     Defendants deny all allegations in Paragraph 78 of the Amended Complaint.

79.     Defendants deny all allegations in Paragraph 79 of the Amended Complaint.

80.     Defendants deny all allegations in Paragraph 80 of the Amended Complaint.

81.     The allegations in Paragraph 81 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same in the form alleged and otherwise.

82.     The allegations in Paragraph 82 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same in the form alleged and otherwise.

DM2\5386383.1

83. Defendants deny all allegations in Paragraph 83 of the Amended Complaint.

84. Defendants deny all allegations in Paragraph 84 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

## (Violations of the Administrative Code of the City of New York)

85. In response to Paragraph 85 of the Amended Complaint, Defendants restate its/their response(s) to Paragraphs 1-84 of the Amended Complaint as if fully rewritten herein.

86. Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

87. There are no allegations contained in Paragraph 87 of the Amended Complaint, only Plaintiff's own interpretation of the Local Civil Rights Restoration Act of 2005, which constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants acknowledge the Local Civil Rights Restoration Act of 2005, also known as Local Law 85, as well as Restoration Act § 7, Administrative Code § 8-130, and any amendments thereto, and respectfully refer all questions of law to the Court for its consideration.

88. Defendants deny all allegations in Paragraph 88 of the Amended Complaint.

89. Defendants deny all allegations in Paragraph 89 of the Amended Complaint.

DM2\5386383.1

90.     Defendants deny all allegations in Paragraph 90 of the Amended Complaint.

91.     Defendants deny all allegations in Paragraph 91 of the Amended Complaint.

92.     The first allegation in Paragraph 92 of the Amended Complaint, regarding Administrative Code §§ 19-152 and 7-210, constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants acknowledge Administrative Code §§ 19-152 and 7-210, but deny all allegations in Paragraph 92 of the Amended Complaint in the form alleged and respectfully refer all questions of law to the Court for its consideration.

93.     Defendants deny all allegations in Paragraph 93 of the Amended Complaint.

94.     Defendants deny all allegations in Paragraph 94 of the Amended Complaint.

95.     Defendants deny all allegations in Paragraph 95 of the Amended Complaint.

96.     Defendants deny all allegations in Paragraph 96 of the Amended Complaint in the form alleged.

97.     Defendants deny all allegations in Paragraph 97 of the Amended Complaint in the form alleged.

98.     Defendants deny all allegations in Paragraph 98 of the Amended Complaint.

99.     Defendants deny all allegations in Paragraph 99 of the Amended Complaint.

DM2\5386383.1

100.    Defendants deny all allegations in Paragraph 100 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

### (Violations of the New York State Civil Rights Law)

101.    In response to Paragraph 101 of the Amended Complaint, Defendants restate its/their response(s) to Paragraphs 1-100 of the Amended Complaint as if fully rewritten herein.

102.    Defendants deny all allegations in Paragraph 102 of the Amended Complaint.

103.    Defendants deny all allegations in Paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## SIXTH CAUSE OF ACTION

### (Common Law Negligence)

105.    In response to Paragraph 105 of the Amended Complaint, Defendants restate its/their response(s) to Paragraphs 1-104 of the Amended Complaint as if fully rewritten herein.

106.    Defendants deny all allegations in Paragraph 106 of the Amended Complaint.

107.    The allegations contained in Paragraph 107 of the Amended Complaint constitute legal conclusion to which no response is required.   To the extent a response is

required, Defendants acknowledge the Administrative Code, but deny all allegations in Paragraph 107 of the Amended Complaint in the form alleged and respectfully refer all questions of law to the Court for its consideration.

108. Defendants deny all allegations in Paragraph 108 of the Amended Complaint.

109. Defendants deny all allegations in Paragraph 109 of the Amended Complaint.

110. Defendants deny all allegations in Paragraph 110 of the Amended Complaint in the form alleged and otherwise.

111. Defendants deny all allegations in Paragraph 111 of the Amended Complaint.

## INJUNCTIVE RELIEF

112. Defendants deny all allegations in Paragraph 112 of the Amended Complaint.

113. Defendants deny all allegations in Paragraph 113 of the Amended Complaint.

114. Defendants deny all allegations in Paragraph 114 of the Amended Complaint.

## DECLARATORY RELIEF

115. Defendants deny all allegations in Paragraph 115 of the Amended Complaint.

## ATTORNEYS' FEES, EXPENSES AND COSTS

116. Defendants deny all allegations in Paragraph 116 of the Amended Complaint, but otherwise admit Plaintiff has retained counsel.

DM2\5386383.1

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief cited in the Prayer for Relief section of the Amended Complaint, including each form of relief requested in the lines labeled A-J.

Defendants further deny each and every allegation in the Amended Complaint which is not expressly admitted herein as true.

## FIRST DEFENSE

The Amended Complaint fails to state a claim against either Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to assert the claims set forth in the Amended Complaint and, to the extent she has standing to bring her Amended Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in her Amended Complaint and any alleged barriers for which she has failed to explain how they impaired her ability to access the premises or impaired her alleged enjoyment of the same.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff otherwise failed to exhaust all required statutory, administrative and/or judicial remedies, and to the extent Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief pursuant to the alleged statute(s), rule(s), and/or act(s).

## FOURTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, unjust enrichment, laches, waiver, and any other equitable defense. Without limitation, upon information and belief, Plaintiff failed to take reasonable measures to learn of or use the

18

accessible facilities at this premises. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to the premises prior to initiating this lawsuit.

## FIFTH DEFENSE

Before filing her Amended Complaint, the Plaintiff failed to provide notice to the Defendants of any barriers to her access to or use of the premises in question, or give them an opportunity to cure any deficiencies, and therefore she cannot be entitled to compensatory or punitive damages, injunctive relief, or reimbursement for her attorneys' fees.

## SIXTH DEFENSE

Defendants deny any violations have occurred, however, any modifications, alterations, barrier removal, or alternative methods demanded by Plaintiff are not readily achievable, and/or would otherwise place an undue burden on Defendants and therefore are not required by any statute, rule, or regulation.

## SEVENTH DEFENSE

The modifications, alterations, barrier removal or alternative methods demanded by Plaintiff are structurally impracticable or technically infeasible.

## EIGHTH DEFENSE

An existing alternative design provides substantially equivalent or greater access to and usability of the facility.

## NINTH DEFENSE

Plaintiff's claims are barred because she has suffered no damages, injuries, or losses of any kind or character.

DM2\5386383.1

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the actions, omissions and/or negligence of others over whom Defendants have no control and/or any damages, injuries, or losses allegedly incurred by Plaintiff resulted from intervening or superseding causes, including the actions, omissions and/or negligence of other persons and/or entities other than Defendants over whom Defendants have no control.

## ELEVENTH DEFENSE

Any damages, injuries, or losses allegedly incurred by Plaintiff are not recoverable against Defendants because all or a portion of those damages, injuries, or losses were not actually or proximately caused by Defendants.

## TWELFTH DEFENSE

Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligence conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, setoff, contribution, proportionate responsibility, contributory negligence and comparative fault.

## THIRTEENTH DEFENSE

Any damages, injuries, or losses allegedly incurred by Plaintiff are not recoverable against Defendants because Plaintiff has failed to mitigate any alleged damages with reasonable diligence.

## FOURTEENTH DEFENSE

In the event Plaintiff recovers a verdict or judgment against Defendants, then any such verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part,

for any past or future claims, economic loss, from any collateral source including, but not limited to, insurance, Social Security, Worker's Compensation, or employee benefits program.

## FIFTEENTH DEFENSE

Plaintiff's claims against Defendants are barred to the extent multiple claimed violations of the alleged statute(s), rule(s), and/or acts) are properly considered to be one violation.

## SIXTEENTH DEFENSE

Plaintiff's claims against Defendants are barred because Defendants have fulfilled any and all legal obligations they may have had to the Plaintiff and owe no further obligations.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent discovery shows that the changes she seeks are, or will be, moot.

## EIGHTEENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendants and, if she visited the premises, she visited solely for purposes of initiating the instant litigation.

## NINETEENTH DEFENSE

Plaintiff has not been denied the full and safe access to all of the benefits, accommodations and services of the subject facility.

## TWENTIETH DEFENSE

The physical items identified by Plaintiff are not architectural barriers to access, and do not prevent enjoyment of the goods and services of the subject facility.

DM2\5386383.1

## **TWENTY-FIRST DEFENSE**

Any action that allegedly adversely affected Plaintiff was taken in good faith and for legitimate, lawful business reasons and without evil motive, willfulness, malice or reckless indifference toward Plaintiff.

## **TWENTY-SECOND DEFENSE**

Upon information and belief, Plaintiff was provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities, and services at the property.

## **TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred because Defendants did not discriminate against Plaintiff or deny her access or a full and equal opportunity to enjoy the goods and services provided on the basis of an alleged disability.

Defendants reserve the right to assert any additional defenses that may become available to it throughout this litigation.

**WHEREFORE**, Defendants, BTM DEVELOPMENT PARTNERS, LLC and RELATED MANAGEMENT COMPANY, L.P., respectfully request that the Amended Complaint be dismissed in its entirety, and that they recover costs herein expended, including reasonable attorneys' fees.

Dated: New York, New York
January 26, 2015

DM2\5386383.1

DUANE MORRIS LLP

By: /s/ Eve I. Klein
Eve I. Klein
Eric W. Ruden
1540 Broadway
New York, NY 10036
(212) 692-1000
*Attorneys for Defendants,*
*BTM Development Partners, LLC and*
*Related Management Company, L.P.*

DM2\5386383.1

# CERTIFICATION

I hereby certify that on this 26**th** day of **January, 2015**, a copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Stein.

*/s/ Eric W. Ruden*
Eric W. Ruden, Esq.